```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KIMBERLY BLOW, | CIVIL ACTION NO. 08-298 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| STOUTS CHARTER SERVICE, INC., et al., |  |
| Defendants. |  |

**THE COURT** examining jurisdiction sua sponte in this action brought to recover damages for personal injuries (dkt. entry no. 1, Compl.), see Fed.R.Civ.P. 12(h)(3) (stating court to dismiss complaint if jurisdiction is lacking); and the plaintiff (1) asserting jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) bearing the burden of demonstrating jurisdiction (Compl., at 2), see Davis v. Union Pac. R.R. Co., 224 Fed.Appx. 190, 191 (3d Cir. 2007); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and

**THE PLAINTIFF** alleging — and the Court independently confirming — that she is a Pennsylvania citizen (Compl., at 2); and the plaintiff further alleging — and the Court independently confirming — that (1) the "[d]efendant Keith R. Schmitt is a citizen of Pennsylvania", (2) the "[d]efendant Pate A. Purvis is

a citizen of Pennsylvania", and (3) the "[d]efendant Salem Iron & Metal Co., Inc. is a corporation incorporated under the laws of Pennsylvania with its principal place of business . . . in that state", and thus is a Pennsylvania citizen (id.); and the plaintiff alleging that the remaining defendants are not Pennsylvania citizens (id.); and

**IT APPEARING TO BE OBVIOUS** from the face of the complaint that the plaintiff is not a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and it appearing that complete diversity of citizenship under Section 1332 is a well-settled requirement, see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (reading "the statutory formulation 'between . . . citizens of different States' to require complete diversity between all plaintiffs and all defendants" (emphasis added)), Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (stating same); and it appearing that if — as is apparent here from the plaintiff's own allegations — the non-diverse defendants are indispensable to an action, then a plaintiff cannot withdraw the claims asserted against them in order to manufacture jurisdiction, see DeBiasse v. Chevy Chase Bank Corp., 144 Fed.Appx. 245, 247 (3d Cir. 2005), cert. denied, 546 U.S. 1093 (2006); and it appearing further that "subject matter jurisdiction is never waived", Liberty Mut. Fire Ins. Co. v. Yoder, 112 Fed.Appx. 826, 828 (3d Cir. 2004); and

2

**THE COURT** thus intending to dismiss the complaint without prejudice to recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of the federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007), Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980); and for good cause appearing, the Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** March 17, 2008